James T. Conley, SBN 224174
james.conley@ogletree.com
April A. Perkins, SBN 322166
april.perkins@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:     916-840-3150
Facsimile:      916-840-3159

Attorneys for Defendant
JOHNSON CONTROLS, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| BRANDIE WILLIAMS,<br><br>           Plaintiff,<br><br>     vs.<br><br>JOHNSON CONTROLS, INC., and DOES 1 through 20, inclusive,<br><br>           Defendant. | Case No. _____<br><br>**DEFENDANT JOHNSON CONTROLS, INC.'S NOTICE OF REMOVAL TO U.S. DISTRICT COURT**<br><br>[Filed concurrently with Declarations of Tesa Bolt and April Perkins, Civil Case Cover Sheet, and Corporate Disclosure]<br><br>[Placer County Superior Court Case No. S-CV-0047572]<br><br>Action Filed:      November 8, 2021<br>Removal Filed:   December<br>Trial Date:          None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE THAT Defendant JOHNSON CONTROLS, INC. ("Defendant") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Placer to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 on the grounds that: (1) there is complete diversity of citizenship between Plaintiff BRANDIE WILLIAMS ("Plaintiff"), a citizen of the State of California, on the one hand, and Defendant, which is a citizen of the State of Wisconsin, on the other hand; (2) the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a); and (3) the foregoing facts were true at the time the Complaint in this matter was

1

Defendant's Notice of Removal to Federal Court                    Brandie Williams v. Johnson Controls, Inc.
                                                                                           USDC-Eastern, Case No._____

filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below on the following grounds:

## I. THE STATE COURT ACTION

1. On or about November 8. 2021, Plaintiff filed an action entitled "BRANDIE WILLIAMS vs. JOHNSON CONTROLS, INC., and DOES 1 through 20, inclusive" in Placer County Superior Court, Case Number S-CV-0047572 (the "Complaint"). Declaration of April Perkins ("Perkins Decl."), ¶ 2, Ex. A.

2. On November 15, 2021, Plaintiff emailed Defendant copies of the (1) Notice of Acknowledgement and Receipt of Complaint (2) Summons, (3) Complaint, (4) ADR Packet (4) Civil Case Cover Sheet, and (6) Notice of CMC. Perkins Decl., ¶ 3, Ex. B.

3. On December 3, 2021, Defendant returned the signed Notice of Acknowledgement and Receipt of Complaint to Plaintiff's counsel. Perkins Decl., ¶ 4, Ex. C.

4. On December 14, 2021, Defendant filed and served its Answer to Plaintiff's Complaint. Perkins Decl., ¶ 5, Ex. D.

## II. REMOVAL IS TIMELY

5. A defendant in a civil action has thirty (30) days from receipt of the complaint to remove the action to federal court. 28 U.S.C. § 1446(b). Removal is timely here because Defendant was emailed a copy of the complaint on November 15, 2021, and removal is taking place on December 15, 2021, within thirty days of receipt of the complaint.

## III. DIVERSITY JURSDICTION

6. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id*. § 1332(a)(1). Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met in this case and this case is removable to this Court.

7. Under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file a "notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). This

2

Defendant's Notice of Removal to Federal Court                     Brandie Williams v. Johnson Controls, Inc.
                                                                   USDC-Eastern, Case No._____

language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and that "[a] statement short and plain need not contain evidentiary submissions." *Id*. at 551, 553.

### A. Complete Diversity Exists Between the Parties.

8. **Plaintiff is a citizen of California**: For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC,* 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011) (relying on *State Farm*); *Smith v. Simmons*, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (same); *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship).

9. As set forth in the Complaint, Plaintiff resides in Granite Bay, California. Exhibit A, ¶ 2. As such, Defendant is informed and believes that Plaintiff resides in and has demonstrated intent to remain in California, and is thus domiciled in and for purposes of diversity jurisdiction is a citizen of the State of California.

10. **Defendant is not a citizen of California:** Pursuant to United States Code, Title 28, Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Court held that the "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"—it's "nerve center." *Id.* at p. 1184.

11. Defendant is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1). As Plaintiff acknowledges in her Complaint, Defendant is incorporated under the laws of the State of Wisconsin and is headquartered in the same. Exhibit A, ¶ 3; Declaration of Tesa Bolt ("Bolt Decl."), ¶ 2. Defendant's

3

Defendant's Notice of Removal to Federal Court                         Brandie Williams v. Johnson Controls, Inc.
                                                                       USDC-Eastern, Case No._____

senior management and high level officers manage its executive and administrative operations, legal affairs, and general business operations from Wisconsin. Bolt Decl., ¶ 3.

12. **"Doe" Defendants' Citizenship**: "For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Inclusion of "Doe" defendants in a state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition). Therefore, Plaintiff's inclusion of "DOES 1-20" in the Complaint cannot defeat diversity jurisdiction.

### B. The Jurisdictional Minimum Is Easily Met.

13. "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554 (emphasis added). Legal certainty of the amount in controversy is not required. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. Aug. 27, 2013) ("A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum"). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

14. To meet this relatively low burden of production regarding the amount in controversy, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *See Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to

4

the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations"); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing the amount in controversy"). Such calculations are more than sufficient to establish the amount in controversy. *See Rippee*, 408 F. Supp. 2d at 986 ("The amount of overtime claims in controversy can . . . be calculated using a combination of Defendant's own numbers and Plaintiff's allegations").

15. **Compensatory Damages**:  Plaintiff seeks lost income in the form of lost wages and other employment benefits. Exhibit A, ¶¶ 41, 49, 55, 61, 79, Prayer ¶ 1. Plaintiff's employment with Defendant ended on or around April 27, 2020. *Id*. at ¶ 32. Assuming Plaintiff has not secured new employment, she puts at issue at least 19 months' worth of lost income to date, and assuming this case is resolved at trial, likely no earlier than January, 2023 (a little over a year from the date the lawsuit was served), her back-pay claim will seek 13 months of lost wages and benefits. At the time of Plaintiff's separation of employment, she earned annual wages of approximately $160,000. *Id*. at ¶ 10. Thus, the amount in controversy for lost wages is at least approximately $413,323. Plaintiff also claims that she is owed unpaid commissions in an amount of at least $380,000. *Id*. at ¶ 30. This brings the amount in controversy regarding Plaintiff's alleged lost wages and unpaid commissions claim to at least **$793,323**.

## IV.   VENUE

16. Venue lies in this Court because Plaintiff's action is pending in this district and division. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1441(a), this case may properly be removed to the Eastern District of California because Plaintiff filed this case in the Superior Court of California, County of Placer. Additionally, Defendant is informed and believes that the events allegedly giving rise to this action occurred within this judicial district.

## V.   SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

17. In accordance with United States Code, Title 28, Section § 1446(a), Exhibits A-D to the Perkins Declaration constitute a copy of all processes, pleadings, and orders either served upon or by Defendant. As required by 28 U.S.C. §1446(b), the Notice of Removal was filed within 30

5

Defendant's Notice of Removal to Federal Court          Brandie Williams v. Johnson Controls, Inc.
                                                          USDC-Eastern, Case No._____

days after Defendant was provided a copy of Plaintiff's Complaint. As required by 28 U.S.C. §1446(d), Defendant will provide notice of this removal to Plaintiff through her attorneys of record and a copy of this Notice of Removal will be filed with the Superior Court of the State of California, for the County of Placer.

## VI.   CONCLUSION

18.   Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

19.   In the event this Court has a question regarding the propriety of this Notice, Defendant requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED:  December 15, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  */s/ April A. Perkins*
       James T. Conley
       April A. Perkins

       Attorneys for Defendant
       JOHNSON CONTROLS, INC.

49128852.1

6

Defendant's Notice of Removal to Federal Court       Brandie Williams v. Johnson Controls, Inc.
                                                     USDC-Eastern, Case No._____
                                                     49588412.v1-OGLETREE