James T. Conley, SBN 224174
james.conley@ogletree.com
April A. Perkins, SBN 322166
april.perkins@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA 95814
Telephone: 916-840-3150
Facsimile: 916-840-3159

Attorneys for Defendant
JOHNSON CONTROLS, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| BRANDIE WILLIAMS,<br><br>            Plaintiff,<br><br>      vs.<br><br>JOHNSON CONTROLS, INC., and DOES 1 through 20, inclusive,<br><br>            Defendant. | Case No. _____<br><br>**DECLARATION OF APRIL PERKINS IN SUPPORT OF DEFENDANT JOHNSON CONTROLS, INC.'S NOTICE OF REMOVAL TO U.S. DISTRICT COURT**<br><br>[Filed concurrently with Notice of Removal, Declaration of Tesa Bolt, Civil Case Cover Sheet, and Corporate Disclosure]<br><br>[Placer County Superior Court Case No. S-CV-0047572]<br><br>Action Filed:      November 8, 2021<br>Removal Filed:    December<br>Trial Date:         None Set |

I, APRIL A. PERKINS, declare and state as follows:

1.      I am an attorney at law, duly licensed to practice before all courts of the State of California and I am an associate attorney with the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., attorneys of record herein for Defendant JOHNSON CONTROLS, INC.  I make this declaration in support of Defendant's Notice of Removal to U.S. District Court. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

///

2.      On or about November 8, 2021, Plaintiff filed an action entitled "*BRANDIE WILLIAMS vs. JOHNSON CONTROLS, INC. and DOES 1-20, inclusive*" in Placer County Superior Court, Case Number S-CV-0047572 (the "Complaint").  A true and correct copy of the Complaint is attached hereto as Exhibit A.

3.      On November 15, 2021, Plaintiff emailed Defendant copies of the (1) Notice of Acknowledgement and Receipt of Complaint (2) Summons, (3) Complaint, (4) ADR Packet (4) Civil Case Cover Sheet, and (6) Notice of CMC. True and correct copies of the documents served upon Defendant are attached hereto as Exhibit B.

4.      On December 3, 2021, Defendant returned the signed Notice of Acknowledgement and Receipt of Complaint to Plaintiff's counsel. A true and correct copy of the executed Notice of Acknowledgement and Receipt of Complaint is attached hereto as Exhibit C.

5.      On December 14, 2021, Defendant filed and served its Answer to Plaintiff's Complaint.  A true and correct copy of the Answer is attached hereto as Exhibit D.

6.      Exhibits A through D constitute a copy of all processes, pleadings, and orders either served upon or by Defendant.

I declare under penalty for perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 14th day of December, 2021, in Sacramento, California.


_____*/s/ April A. Perkins*_____
APRIL A. PERKINS

49128852.1

Declaration of April A. Perkins ISO Defendant's Notice of Removal to Federal Court

Brandie Williams v. Johnson Controls, Inc. USDC-Eastern, Case No._____

49588411.v1-OGLETREE

# EXHIBIT A

MICHELLE G. LEE (SBN 266167)
mgl@rezlaw.com
MEGHAN F. LOISEL (SBN 291400)
mfl@rezlaw.com
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513

*Attorneys for Plaintiff*
*Brandie Williams*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
**11/08/2021 at 09:27:08 AM**
By: Mavis Anderson, Deputy Clerk

THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF PLACER

BRANDIE WILLIAMS,

    Plaintiff,

    vs.

JOHNSON CONTROLS, INC., and DOES 1
through 20, inclusive,

    Defendants.

_____/

Case No. S-CV-0047572

**COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DAMAGES

CASE NO. _____

# I.   **INTRODUCTION**

1.      For years, Plaintiff Brandie Williams worked as a business development director for Defendant Johnson Controls Inc.  In this role, she designed, negotiated, and closed deals worth hundreds of millions of dollars.  As part her employment agreement, Johnson Controls had agreed to pay her commissions on the deals she closed.  Relying on this agreement, Ms. Williams expended considerable effort to bring customers to Johnson Controls and played a critical role in multiple deals that closed in 2019 and 2020.  However, the company reneged on its agreement and failed to pay her the commission wages it owed.  Furthermore, to avoid paying her the commissions it owed on a significant deal scheduled to close in the summer of 2020, Johnson Controls egregiously ended her employment shortly before the deal closed.  Through this lawsuit, Ms. Williams seeks payment of the commission wages she was promised.

# II.   **PARTIES**

2.      Plaintiff Brandie Williams is a natural person residing in Granite Bay, California.

3.      Defendant Johnson Controls, Inc. is a corporation organized and existing pursuant to the laws of the State of Wisconsin, having its principal place of business in Milwaukee, Wisconsin.

4.      The true names and capacities of Defendants named herein as Does 1 through 20, inclusive, whether individual, corporate, associate or otherwise are unknown to Plaintiffs, who therefore sue said Defendants by fictitious names pursuant to California Code of Civil Procedure § 474.  Plaintiffs will amend this Complaint to show such true names and capacities of Does 1 through 20, inclusive, when they have been determined.

5.      Plaintiffs are informed and believe, and thereon allege, that all of the Defendants were joint employers of the Plaintiffs and that each of the Defendants was, at all times herein mentioned, the agent, employee, partner and/or representative of one or more of the remaining Defendants and was acting within the course and scope of such relationship.  Plaintiffs are further informed and believe that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

///

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

III.   **JURISDICTION AND VENUE**

6.       Venue is proper in this judicial district pursuant to California Code of Civil Procedure § 395.5.  Defendant transacted business in Placer County and employed Ms. Williams there, and Ms. Williams entered her employment agreement there; therefore, Defendant is within the jurisdiction of this Court for purposes of service of process.  For purposes of Section 395.5, liability arises where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs.

IV.   **FACTUAL ALLEGATIONS**

A.   **Ms. Williams' Employment by Johnson Controls**

7.       Johnson Controls hired Ms. Williams as a business development director on December 4, 2017.  When she started, Ms. Williams generated business opportunities for distributed energy solutions and supported an account executive with her subject matter knowledge of battery storage.  She focused on the western region.  Ms. Williams' responsibility expanded after Johnson Controls transitioned the distributed energy solutions team to Consolidated Edison Solutions, Inc. ("ConEd") in 2018.  She became responsible for providing support related to battery storage throughout the United States.  She also became responsible for account executive trainings across the country.

8.       Ms. Williams' performance was outstanding throughout her time at Johnson Controls.  Ms. Williams brought unique value to Johnson Controls by closing business deals that others had been unable to close.  For example, Ms. Williams successfully negotiated a partnership between Johnson Controls and Capital Dynamics, Inc. to help customers fund solar and battery storage projects through a Power Purchase Agreement.  Johnson Controls publicized her success in its Press Release dated August 22, 2019, which quoted Ms. Williams.[1]  This partnership established a $400 million dollar fund for Johnson Controls to draw from whenever they needed a Power Purchase Agreement related to meter PV and battery storage.

---

[1] https://www.johnsoncontrols.com/media-center/news/press-releases/2019/08/22/johnson-controls-announces-partnership-with-capital-dynamics#:~:text=The%20agreement%20will%20grant%20easier,a%20larger%20portfolio%20of%20projects.

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

9.      Ms. Williams' year-end performance reviews evaluated her performance as strong.  In 2018, her manager gave her an overall rating of "Exceeds expectations."  In 2019, her manager gave her an overall rating of "Consistently Meets Expectations."  Each year, she received her entire bonus.  The company also gave her a raise in the summer of 2019.  Then, after two and a half years of contributing to the company, Johnson Controls abruptly fired Ms. Williams on April 27, 2020.

**B.      Ms. Williams' Compensation.**

10.      When Johnson Controls hired Ms. Williams, her compensation included a base salary of $160,000, a sign-on bonus, a bonus plan, and participation in the company's incentive compensation plan.  Her offer letter also provided that she would receive a guaranteed incentive payment of $30,000 paid over the first 18 months of her employment.  This was to compensate her as she worked toward the closure of multi-year deals.  During Ms. Williams employment, her commission compensation was governed by that fiscal year's Johnson Control's Incentive Plan.

11.      Attached as Exhibit A is Johnson Control's Incentive Plan effective from October 1, 2018, to September 30, 2019 (FY 2019 Plan).

12.      Attached as Exhibit B is Johnson Control's Incentive Plan effective from October 1, 2019 to September 30, 2020 (FY 2020 Plan).

13.      Both plans provide that commissions will be paid for "Construction Event" contracts.

14.      Johnson Controls tracked Ms. William's involvement in deals in Salesforce.  Either Ms. Williams or the account executive assisting on the deal would associate her name with the projects on which she worked.  Sales splits dividing credit among more than one salesperson were also tracked in Salesforce.

15.      Mark Martinez, Ms. Williams' first supervisor, supported Ms. Williams in her commissions plan to ensure she received credit for the deals she worked on.  However, after Mr. Martinez left, Johnson Controls failed to pay commissions due to Ms. Williams.

///
///

COMPLAINT FOR DAMAGES
CASE NO. _____

**C.    Ms. Williams Closed the Capital Dynamics Safe Harbor Deal**

16.    Ms. Williams' relationship with Capital Dynamics enabled her to close a $3.5 million deal with Capital Dynamics ("Capital Dynamics Safe Harbor Deal").  She sold 31 battery units, including shell units and invertors, to Capital Dynamics.  Pursuant to this deal, Capital Dynamics paid for and acquired the 31 units.

17.    Ms. Williams worked on this deal for 14 months.  Her relationship with Capital Dynamics was crucial to sourcing and closing this deal.  The deal closed on September 28, 2019, before the end of Fiscal Year 2019.  Pursuant to her commission plan, Ms. Williams should have received her commissions in Fall 2019.

18.    The FY 2019 Plan provides that commissions will be paid for "Construction Events:"

| Contract Type | % of Incentive Allocated | Basis of Commission | Payment Timing | Calculation Factors & Incentive Rate |
|---|---|---|---|---|
| Construction Event | 45% | Secured Gross Margin w/ change orders | paid w/in 45 days of the month the contract booked | Margin % tiers |
| | 27.5% | Executed Gross Margin | paid up to 50% of the remaining balance w/ scheduled incentive pay dates | |
| | 27.5% | Executed Gross Margin | remainder paid on the incentive pay date following the month when 100% cash is collected & the project transfers | |

For the rightmost column, the nested table reads:

| Margin Tier | Commission Rate |
|---|---|
| <8% | 0.50% |
| 8% - <14% | 1.50% |
| 14% - <18% | 4.00% |
| 18% - <20% | 5.20% |
| 20% - <24% | 5.40% |
| 24% - <30% | 6.50% |
| 30%+ | 8.00% |

19.    The Capital Dynamics Safe Harbor Deal was a "Construction Event" that fell within the 20% - <24% Margin Tier under the FY 2019 Plan.  Ms. Williams understood the Gross Margin on the $3,500,000 deal to be $770,000.  At the commission rate of 5.4% for the applicable Tier, Johnson Controls owed Ms. Williams a commission of $41,580.

20.    After the Capital Dynamics Safe Harbor Deal closed, Ms. Williams raised the payment of her commissions with her then-supervisor Maureen Blase in writing and during her one-on-one meetings.  Ms. Blase first denied that Ms. Williams had any commission agreement.  They exchanged multiple emails and involved Human Resources (HR) in their discussions.  After a long meeting in December 2019, Ms. Blase ultimately conceded that Ms. Williams was entitled to commission payments; however, the commission payments were not made.

21.    Around December 2019, Ms. Williams requested her personnel file and commission agreement.  She later made the same request via emails.  Neither Ms. Williams' personnel file nor her commission agreement was produced during her employment.

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

22.     Ms. Blase used Ms. Williams' entitlement to commissions to drive a wedge between her and the sales group, telling them, in a flippant tone, "anything Brandie Williams comes on, if you used her time and talent regarding distributed energy storage, you have to split your commissions with her."  Ms. Williams had always been clear with the team that she was entitled to a commission, but now Ms. Blase was using this to discourage the account executives from working with her.

**D.      Ms. Williams Closed the University of California, San Diego (UCSD) MicroGrid Grant**

23.     Due to Ms. Williams' efforts, on May 5, 2020, the National Science Foundation awarded UCSD and Johnson Controls a $40 million MicroGrid grant.  UCSD selected Johnson Controls from among approximately 20 other contractors.  Johnson Controls sold 11 battery storage units as a part of this contract.

24.     Ms. Williams developed the entire deal concept for the grant.  For nine months, Ms. Williams had worked on the UCSD project.  She also signed the grant application as the company representative.  She worked closely with UCSD and Johnson Controls' personnel to prepare the grant application, engaging in multiple meetings every week to apply for the grant.  After the project was shortlisted as a potential grant recipient, Ms. Williams led meetings with Johnson Controls and UCSD to secure the grant.  Because the company recognized her leadership on the grant process, it initially selected her to present to the Department of Energy.

25.     The UCSD deal formally closed shortly after her termination.  Ms. Williams' commission agreement entitled her to a commission on this deal.  She agreed to split the commission 50-50 with an account executive, Corey Trustee.  However, she has not received her commission payment for this deal.

26.     Before Ms. Williams' termination, the company was well aware that the $40 million UCSD grant was about to be awarded and that Ms. Williams would soon be owed significant commissions.  In December 2019, the company sent representatives to Washington, D.C. to present to the Department of Energy, one of the final steps prior to close.  In January 2020, Ms. Williams gave a presentation in Carlsbad, California to VP of Sales Chuck McGinnis

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

and others about the status of her deals and discussed the UCSD project.  She said that UCSD would make a decision the following month and estimated that the deal was at 90% completion.

27. On May 5, a few days after Ms. Williams' termination, the Business Director for the Vertical Market called Ms. Williams to tell her that the UCSD Grant and $40 million had been awarded to Johnson Controls.  Despite this, Ms. Williams has not been paid commissions on the UCSD deal.

28. On October 29, 2020, UCSD announced the grant on their website.

29. The FY 2020 Plan provides that commissions will be paid for "Construction Events":

| Contract Type | % of Incentive Allocated | Basis of Commission | Payment Timing | Calculation Factors & Incentive Rate | | |
|---|---|---|---|---|---|---|
| Construction Event | 45% | Secured Gross Margin w/ change orders | paid w/in 45 days of the month the contract booked | Margin % tiers | | |
| | 27.5% | Executed Gross Margin | paid up to 50% of the remaining balance w/ scheduled incentive pay dates | Margin Tier | Commission Rate | |
| | | | | <8% | 0.50% | |
| | | | | 8% - <14% | 1.50% | |
| | | | | 14% - <10% | 4.00% | |
| | 27.5% | Executed Gross Margin | remainder paid on the incentive pay date following the month when 100% cash is collected & the project transfers | 18% - <20% | 5.20% | |
| | | | | 20% - <24% | 5.40% | |
| | | | | 24% - <30% | 6.50% | |
| | | | | 30%+ | 8.00% | |

30. The UCSD Grant was a Construction Event that fell within the 30% Margin Tier.  Ms. Williams believes that the $40,000,000 deal had a Gross Margin of $12,000,000.  At the commission rate of 8% (split 50% with Mr. Trustee), and applying the large deal credit split, Ms. Williams estimates that Johnson Controls owed her a commission of $380,000.

**E. Johnson Controls Abruptly Terminated Ms. Williams' Employment to Avoid Paying her Commissions.**

31. Soon after Ms. Williams' January 2020 presentation in Carlsbad in which she reported that the UCSD grant would be approved in the next couple of months, Johnson Controls terminated Ms. Williams' employment without any notice.  On Sunday April 26, 2020, a teammate called her to ask if she had been laid off because she was no longer in the system.  Her company email access had been cut off and customers began calling her because they received bounce backs from her email address.  She did not know what to tell them.

32. The next day, on April 27, Maureen Blase told Ms. Williams that she had been fired.  During this termination call, Ms. Blase told her that she would remain eligible for her bonus and would receive her commissions on any deals that closed before the end of the fiscal

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1  year on September 30, 2020.  An HR representative eventually called Ms. Williams on April 29

2  at 4:30 p.m. and told her that her job was being eliminated due to a workforce reduction.  On this

3  call, Ms. Williams requested her personnel file again.

4       33.  Johnson Controls did not terminate Ms. Williams' employment for business

5  reasons.  In April 2020, when Mr. McGinnis announced a three-week furlough to the sales team,

6  he assured them that, during the last quarter, Johnson Controls had done four times better than it

7  had anticipated.  Johnson Controls also obtained emergency relief funding from the government.

8  Furthermore, Johnson Controls continued operating during the stay-at-home orders because it

9  provides an essential service.  It also received orders from schools that received stimulus money.

10       34.  Ms. Williams' termination was not due to a workforce reduction.  She was the

11  only person in the Business Technologies & Solutions Division whose employment was

12  terminated.  Her work was and remained critical to the business.  At the time of her termination,

13  Ms. Williams was in the midst of closing several large contracts and was the company's only

14  subject matter expert in battery storage and microgrid sales.

15       35.  On August 28, 2020, Ms. Williams again requested her personnel file through a

16  letter sent to Johnson Controls.  Defendant failed to make the contents of those personnel records

17  available for inspection within 30 days of receipt of that request.

18                  **FIRST CAUSE OF ACTION**

19                     **(Breach of Contract)**

20       36.  Plaintiff re-alleges and incorporates herein by reference each and every allegation

21  of the preceding paragraphs as though fully set forth herein.

22       37.  Plaintiff and Defendant entered into written contracts defining the terms of

23  Plaintiff's compensation, namely the Incentive Plans.  Plaintiff and Defendant entered into an

24  Incentive Plan covering every period of Plaintiff's employment, the effective date of which

25  tracked Defendant's fiscal year from October 1 to September 30 of the following year.

26       38.  Plaintiff completed all conditions necessary to satisfy her obligations under the

27  contracts by continuing to work for Defendant until she was terminated.

28  ///

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

39.     The Incentive Plans provided that Plaintiff was entitled to commissions for deals that she worked on and closed on behalf of Defendant.

40.     Defendant breached these agreements by failing to make these commission payments.

41.     Accordingly, Plaintiff is entitled to the unpaid compensation owed under the agreements.

## SECOND CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing)

42.     Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

43.     As alleged above, the Incentive Plans entered into between Plaintiff and Defendant provided that Plaintiff would receive commissions for deals that she worked on and closed on behalf of Defendant.

44.     These agreements contained an implied-in-law covenant of good faith and fair dealing that neither party would do anything to injure the right of the other party to enjoy the actual benefits of those contracts.

45.     Plaintiff performed all of the duties and obligations required of her by Defendant during her employment, including those duties and obligations that would entitle Plaintiff to receive the compensation described in the Incentive Plans.

46.     Defendant breached the implied covenant when it took actions to prevent Plaintiff from earning her full compensation pursuant to the agreements, ultimately resulting in firing her. Defendant's termination of Plaintiff was done in bad faith to avoid paying Plaintiff the amounts owed to her.

47.     Defendant also breached its contract and the implied covenant of good faith and fair dealing by not paying Plaintiff the full and complete amount Plaintiff properly earned as commissions.

///

///

COMPLAINT FOR DAMAGES
CASE NO. _____

48.     As a result of Defendant's bad faith and unfair dealing in performing the terms of the Incentive Plans, Defendant is liable for breaching the covenant of good faith and fair dealing inherent in those agreements.

49.     As damages, Defendant is liable to pay the amount of due but unpaid commissions plus interest.  *See* Cal. Civ. Code §3281; *id*. §3287; *id*. § 3289; *id*. §3302.

## THIRD CAUSE OF ACTION

### (Quantum meruit)

50.     Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

51.     Plaintiff provided and performed services in procuring leads and sales for Johnson Controls' business, including closing the Capital Dynamics Safe Harbor Deal in September 2019 and originating, pursuing, and obtaining the UCSD grant and contract for Johnson Controls. These two deals represented $40,500,000 in new business for Johnson Controls.   Defendant knew these services were being performed for it and at its request and agreed to pay Plaintiff the reasonable value of her services, which Defendant determined to be 5.4% of the Gross Margin for deals in the 20% - <24% Margin Tier and 8% of the Gross Margin for deals in the 30% Martin Tier.

52.     Plaintiff agreed to these terms and performed her services, and Defendant accepted the benefit of Plaintiff's services and enjoyed the benefits of sales and accounts procured by Plaintiff.

53.     Defendant has refused to pay Plaintiff in full for her work and services, as valued under the parties' agreement.

54.     Plaintiff therefore alleges in the alternative that, to the extent that the Incentive Plans are found to be inapplicable to deals she procured in the course of her employment with the knowledge of and on behalf of Johnson Controls, Defendant is nevertheless liable under the doctrine of quantum meruit. Under these circumstances, it is inequitable for Defendant to retain the benefit it received from Plaintiff's work without paying fair value for it.

///

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

COMPLAINT FOR DAMAGES
CASE NO. _____

55.     Plaintiff has been damaged in the amount of her unpaid commissions due on the deals Plaintiff procured and from which Defendant received a benefit, in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

**(Failure to Commission Wages in Violation of California Labor Code § 200, *et seq.*)**

56.     Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

57.     At all relevant times, Johnson Controls was the employer of Ms. Williams, who was an employee subject to California's Labor Code.

58.     Plaintiff performed all of the duties and obligations required of her by Defendant during her employment, including those duties and obligations that would entitle Plaintiff to receive the commission wages described in the Incentive Plan.

59.     Defendant has refused to pay Plaintiff these wages.

60.     Defendant's failure to pay Plaintiff violates the California Labor Code.  *See, e.g.,* Lab. Code, § 200; *id.*§204 (wages due in month earned); *id.*§216 (refusal to make payment).

61.     Thus, Defendant is liable to pay the unpaid wages, interest from the date the wages were due and payable, and attorney's fees and costs.  *See id*. §§218.5, 218.6; Civ. Code, §§3302, 3281, 3289(b).

### FIFTH CAUSE OF ACTION

**(Failure to Pay Wages at Time of Termination in Violation of Labor Code § 201, *et seq.*)**

62.     Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

63.     At all relevant times, Johnson Controls was the employer of Ms. Williams, who was an employee subject to California's Labor Code.

64.     Labor Code section 201 requires employers to immediately pay their employees' wages upon termination, and Section 203 imposes a penalty upon employers who fail to do so.

65.     At the time of Plaintiff's termination, Defendant knowingly and willfully failed to pay her all wages earned, as alleged herein and above.

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

66.     Defendant knew that it owed Plaintiff unpaid wages, in the form of unpaid commissions, at the time of her termination.  Yet, it failed to pay the amounts due for more than thirty days and continues to fail to pay the amounts due.  Such failure amounts to "willful" nonpayment of wages due.  Accordingly, Plaintiff is entitled to the maximum penalty equivalent to thirty days pay, plus attorney's fees and costs.

## SIXTH CAUSE OF ACTION

### (Retaliation in Violation of Labor Code §§ 98.6 and 1102.5)

67.     Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

68.     California Labor Code section 98.6 prohibits retaliation against an employee for complaining to her employer about Labor Code violations, including because the employee "made a written or oral complaint that he or she is owed unpaid wages."  Labor Code section 1102.5 prohibits retaliation against an employee for disclosing information to a person with authority over the employee or who has authority to investigate, discover, or correct the issue, where the employee has reasonable cause to believe that the information discloses a violation of a state or federal statute, or a violation or noncompliance with a local, state, or federal law or regulation.

69.     Plaintiff engaged in protected activity under the California Labor Code when she asked to be paid her commissions owed to her for the Capital Dynamics Safe Harbor deal.

70.     Shortly after Plaintiff's protected activity and in response thereto, and to avoid paying her the full commissions due and owing, Defendant terminated Plaintiff's employment and refused to pay her full commissions.

71.     As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered substantial losses in earnings and other employment benefits and has incurred other economic losses in an amount to be proven at trial.

72.     As a further direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment, all to the Plaintiff's damage in an amount to be proven at the time of trial.

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

COMPLAINT FOR DAMAGES
CASE NO. _____

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

73.     By reason of such violation, Plaintiff is entitled to damages, attorney's fees, and interest, as provided by Labor Code 1102.5.

74.     Defendant committed the acts herein described despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff.  Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## SEVENTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

75.     Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

76.     It is the public policy of California to prohibit employers from discharging employees to avoid paying commissions and wages to the discharged employee. California also has a public policy against discharging employees for complaining about the employer's failure to pay commissions and wages to employees. This public policy is embodied in, inter alia, the California Labor Code §§ 200, 201, 202, 203, 216, 223 and other sections, California Code of Civil Procedure § 487.020, California Business and Professions Code and the California Code of Regulations. These public policies are fundamental and inure to the benefit of the public.

77.     It is, and at all times relevant to this action has been, the law and fundamental public policy of the state of California that an employer may not terminate an employee to avoid paying compensation to that employee.  *See, Gould v. Maryland Sound Industries, Inc*., (1995) 31 Cal.App.4th 1137, 1148; *see also Phillips v. Gemini Moving Specialists* (1998) 63 Cal.App.4th 563, 571, *overruled on other grounds by Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876.

78.     Plaintiff's termination was wrongful and was in violation of the public policy of the State of California in that Defendant terminated Plaintiff's employment to avoid paying her the commissions owed and to retaliate against Plaintiff for her complaining about Defendant's failure to pay her commissions.  Additionally, the timing of Plaintiff's termination was

12

1   specifically designed so that the company could avoid paying her the significant commissions she

2   was positioned to earn in the weeks and months subsequent to her firing for her work on the

3   UCSD Microgrid Grant.

4   79.   As a direct, foreseeable and proximate result of Defendant's unlawful actions,

5   Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment

6   benefits and has incurred other economic losses in an amount to be proven at trial along with

7   attorney's fees and litigation costs.

8   80.   As a direct, foreseeable, and proximate result of Defendant's unlawful actions,

9   Plaintiff has suffered substantial losses in earnings and other employment benefits, and have

10   incurred other economic losses.

11   81.   Defendant committed the acts herein despicably, maliciously, fraudulently, and

12   oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive

13   amounting to malice, and in conscious disregard of the rights and safety of Plaintiff.  Plaintiff is

14   thus entitled to recover punitive damages from Defendant in an amount according to proof.

## EIGHTH CAUSE OF ACTION

### (Failure to Provide Personnel File, Violation of Labor Code § 1198.5)

17   82.   Plaintiff re-alleges and incorporates herein by reference each and every allegation

18   of the preceding paragraphs as though fully set forth herein.

19   83.   Labor Code section 1198.5 requires that personnel documents be made available

20   within a "reasonable" amount of time, "but not later than 30 calendar days from the date the

21   employer receives a written request."  (Lab. Code, § 1198.5(b)(1).)  An employer's failure to

22   comply within this timeframe entitles the employee to recover a seven hundred fifty-dollar

23   ($750.00) penalty.

24   84.   Plaintiff requested her personnel file multiple times from Defendant.  But

25   Defendant failed to provide her personnel file within 30 days of her request.

26   85.   Therefore, Defendant has violated Labor Code section 1198.5 and is liable for a

27   penalty of seven hundred fifty-dollar ($750.00).

28   ///

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.      For compensatory damages, including but not limited to, lost back pay (including, but not limited to, salary, commission, and bonus wages), equity, and fringe benefits; future lost earnings, and emotional distress; with legal interest, according to proof as allowed by law;

2.      For civil penalties as allowed by law;

3.      For punitive damages as allowed by law;

4.      For an award of costs of suit incurred herein and reasonable attorney's fees;

5.      For prejudgment interest and post-judgment interest as allowed by law;

6.      For restitution of all wrongfully withheld salary, equity, and other compensation;

7.      For relief pursuant to the equitable doctrine of quantum meruit, and damages, including interest, according to proof; and

8.      For an award of such other and further relief as the Court deems just and proper.

DATED:  November 8, 2021                    Respectfully submitted,

                                            RUDY, EXELROD, ZIEFF & LOWE, LLP

                                            By: _____
                                                 MICHELLE G. LEE
                                                 MEGHAN F. LOISEL
                                                 *Attorneys for Plaintiff*
                                                 *Brandie Williams*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests trial by jury.

DATED:  November 8, 2021                    Respectfully submitted,

                                            RUDY, EXELROD, ZIEFF & LOWE, LLP

                                            By: _____
                                                 MICHELLE G. LEE
                                                 MEGHAN F. LOISEL
                                                 *Attorneys for Plaintiff*
                                                 *Brandie Williams*

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

EXHIBIT B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY:        STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Michelle G. Lee (SBN 266167) and Meghan F. Loisel (SBN 291400)<br>FIRM NAME: Rudy, Exelrod, Zieff & Lowe, LLP<br>STREET ADDRESS: 351 California Street, Suite 700<br>CITY: San Francisco        STATE: CA    ZIP CODE: 94104<br>TELEPHONE NO.: 415-434-9800        FAX NO.: 415-434-0513<br>E-MAIL ADDRESS: mgl@rezlaw.com; mfl@rezlaw.com<br>ATTORNEY FOR (Name): Brandie Williams | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER | |
|---|---|
| STREET ADDRESS: 10820 Justice Center Drive<br>MAILING ADDRESS: 10820 Justice Center Drive<br>CITY AND ZIP CODE: Roseville, CA 95678<br>BRANCH NAME: Hon. Howard G. Gibson Courthouse | |

| Plaintiff/Petitioner: Brandie Williams | |
| Defendant/Respondent: Johnson Controls, Inc., et al. | |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>S-CV-0047572 |
|---|---|

TO (insert name of party being served): Johnson Controls, Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 15, 2021 (via email)

_____        ▶ _____
Michelle G. Lee
(TYPE OR PRINT NAME)                      (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):

   Civil Case Cover Sheet; Notice of Case Management Conference; Alternative Dispute Resolution Information Sheet

(To be completed by recipient):

Date this form is signed: _____

_____        ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
11/08/2021 at 09:27:08 AM
By: Mavis Anderson, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JOHNSON CONTROLS, INC. and DOES 1 through 20, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRANDIE WILLIAMS

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Placer County Superior Court
10820 Justice Center Drive, Roseville, CA 95678

CASE NUMBER: *(Número del Caso):*
S-CV-0047572

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michelle G. Lee, Rudy, Exelrod, Zieff & Lowe, LLP, 351 California St., Suite 700, San Francisco, CA 94104; Tel.: (415) 434-9800

DATE:
*(Fecha)*  11-08-21

Clerk, by
*(Secretario)*  M.Anderson

, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL] SUPERIOR COURT OF CALIFORNIA — EUREKA — COUNTY OF PLACER

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

MICHELLE G. LEE (SBN 266167)
mgl@rezlaw.com
MEGHAN F. LOISEL (SBN 291400)
mfl@rezlaw.com
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA  94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513

*Attorneys for Plaintiff*
*Brandie Williams*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
**11/08/2021 at 09:27:08 AM**
By: Mavis Anderson, Deputy Clerk

THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF PLACER

| | |
|---|---|
| BRANDIE WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNSON CONTROLS, INC., and DOES 1 through 20, inclusive,<br><br>Defendants.<br>_____/ | Case No. S-CV-0047572<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

COMPLAINT FOR DAMAGES

CASE NO. _____

**I.    INTRODUCTION**

1.      For years, Plaintiff Brandie Williams worked as a business development director for Defendant Johnson Controls Inc.  In this role, she designed, negotiated, and closed deals worth hundreds of millions of dollars.  As part her employment agreement, Johnson Controls had agreed to pay her commissions on the deals she closed.  Relying on this agreement, Ms. Williams expended considerable effort to bring customers to Johnson Controls and played a critical role in multiple deals that closed in 2019 and 2020.  However, the company reneged on its agreement and failed to pay her the commission wages it owed.  Furthermore, to avoid paying her the commissions it owed on a significant deal scheduled to close in the summer of 2020, Johnson Controls egregiously ended her employment shortly before the deal closed.  Through this lawsuit, Ms. Williams seeks payment of the commission wages she was promised.

**II.    PARTIES**

2.      Plaintiff Brandie Williams is a natural person residing in Granite Bay, California.

3.      Defendant Johnson Controls, Inc. is a corporation organized and existing pursuant to the laws of the State of Wisconsin, having its principal place of business in Milwaukee, Wisconsin.

4.      The true names and capacities of Defendants named herein as Does 1 through 20, inclusive, whether individual, corporate, associate or otherwise are unknown to Plaintiffs, who therefore sue said Defendants by fictitious names pursuant to California Code of Civil Procedure § 474.  Plaintiffs will amend this Complaint to show such true names and capacities of Does 1 through 20, inclusive, when they have been determined.

5.      Plaintiffs are informed and believe, and thereon allege, that all of the Defendants were joint employers of the Plaintiffs and that each of the Defendants was, at all times herein mentioned, the agent, employee, partner and/or representative of one or more of the remaining Defendants and was acting within the course and scope of such relationship.  Plaintiffs are further informed and believe that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

///

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

COMPLAINT FOR DAMAGES

CASE NO. _____

**III.     JURISDICTION AND VENUE**

6.      Venue is proper in this judicial district pursuant to California Code of Civil Procedure § 395.5.  Defendant transacted business in Placer County and employed Ms. Williams there, and Ms. Williams entered her employment agreement there; therefore, Defendant is within the jurisdiction of this Court for purposes of service of process.  For purposes of Section 395.5, liability arises where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs.

**IV.     FACTUAL ALLEGATIONS**

**A.     Ms. Williams' Employment by Johnson Controls**

7.      Johnson Controls hired Ms. Williams as a business development director on December 4, 2017.  When she started, Ms. Williams generated business opportunities for distributed energy solutions and supported an account executive with her subject matter knowledge of battery storage.  She focused on the western region.  Ms. Williams' responsibility expanded after Johnson Controls transitioned the distributed energy solutions team to Consolidated Edison Solutions, Inc. ("ConEd") in 2018.  She became responsible for providing support related to battery storage throughout the United States.  She also became responsible for account executive trainings across the country.

8.      Ms. Williams' performance was outstanding throughout her time at Johnson Controls.  Ms. Williams brought unique value to Johnson Controls by closing business deals that others had been unable to close.  For example, Ms. Williams successfully negotiated a partnership between Johnson Controls and Capital Dynamics, Inc. to help customers fund solar and battery storage projects through a Power Purchase Agreement.  Johnson Controls publicized her success in its Press Release dated August 22, 2019, which quoted Ms. Williams.[1]  This partnership established a $400 million dollar fund for Johnson Controls to draw from whenever they needed a Power Purchase Agreement related to meter PV and battery storage.

---

[1] https://www.johnsoncontrols.com/media-center/news/press-releases/2019/08/22/johnson-controls-announces-partnership-with-capital-dynamics#:~:text=The%20agreement%20will%20grant%20easier,a%20larger%20portfolio%20of%20projects.

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP

351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

9.      Ms. Williams' year-end performance reviews evaluated her performance as strong.  In 2018, her manager gave her an overall rating of "Exceeds expectations."  In 2019, her manager gave her an overall rating of "Consistently Meets Expectations."  Each year, she received her entire bonus.  The company also gave her a raise in the summer of 2019.  Then, after two and a half years of contributing to the company, Johnson Controls abruptly fired Ms. Williams on April 27, 2020.

**B.      Ms. Williams' Compensation.**

10.      When Johnson Controls hired Ms. Williams, her compensation included a base salary of $160,000, a sign-on bonus, a bonus plan, and participation in the company's incentive compensation plan.  Her offer letter also provided that she would receive a guaranteed incentive payment of $30,000 paid over the first 18 months of her employment.  This was to compensate her as she worked toward the closure of multi-year deals.  During Ms. Williams employment, her commission compensation was governed by that fiscal year's Johnson Control's Incentive Plan.

11.      Attached as Exhibit A is Johnson Control's Incentive Plan effective from October 1, 2018, to September 30, 2019 (FY 2019 Plan).

12.      Attached as Exhibit B is Johnson Control's Incentive Plan effective from October 1, 2019 to September 30, 2020 (FY 2020 Plan).

13.      Both plans provide that commissions will be paid for "Construction Event" contracts.

14.      Johnson Controls tracked Ms. William's involvement in deals in Salesforce. Either Ms. Williams or the account executive assisting on the deal would associate her name with the projects on which she worked.  Sales splits dividing credit among more than one salesperson were also tracked in Salesforce.

15.      Mark Martinez, Ms. Williams' first supervisor, supported Ms. Williams in her commissions plan to ensure she received credit for the deals she worked on.  However, after Mr. Martinez left, Johnson Controls failed to pay commissions due to Ms. Williams.

///

///

**C.   Ms. Williams Closed the Capital Dynamics Safe Harbor Deal**

16.    Ms. Williams' relationship with Capital Dynamics enabled her to close a $3.5 million deal with Capital Dynamics ("Capital Dynamics Safe Harbor Deal").  She sold 31 battery units, including shell units and invertors, to Capital Dynamics.  Pursuant to this deal, Capital Dynamics paid for and acquired the 31 units.

17.    Ms. Williams worked on this deal for 14 months.  Her relationship with Capital Dynamics was crucial to sourcing and closing this deal.  The deal closed on September 28, 2019, before the end of Fiscal Year 2019.  Pursuant to her commission plan, Ms. Williams should have received her commissions in Fall 2019.

18.    The FY 2019 Plan provides that commissions will be paid for "Construction Events:"

| Contract Type | % of Incentive Allocated | Basis of Commission | Payment Timing | Calculation Factors & Incentive Rate |
|---|---|---|---|---|
| Construction Event | 45% | Secured Gross Margin w/ change orders | paid w/in 45 days of the month the contract booked | Margin % tiers |
| | 27.5% | Executed Gross Margin | paid up to 50% of the remaining balance w/ scheduled incentive pay dates | |
| | 27.5% | Executed Gross Margin | remainder paid on the incentive pay date following the month when 100% cash is collected & the project transfers | |

| Margin Tier | Commission Rate |
|---|---|
| <8% | 0.50% |
| 8% - <14% | 1.50% |
| 14% - <18% | 4.00% |
| 18% - <20% | 5.20% |
| 20% - <24% | 5.40% |
| 24% - <30% | 6.50% |
| 30%+ | 8.00% |

19.    The Capital Dynamics Safe Harbor Deal was a "Construction Event" that fell within the 20% - <24% Margin Tier under the FY 2019 Plan.  Ms. Williams understood the Gross Margin on the $3,500,000 deal to be $770,000.  At the commission rate of 5.4% for the applicable Tier, Johnson Controls owed Ms. Williams a commission of $41,580.

20.    After the Capital Dynamics Safe Harbor Deal closed, Ms. Williams raised the payment of her commissions with her then-supervisor Maureen Blase in writing and during her one-on-one meetings.  Ms. Blase first denied that Ms. Williams had any commission agreement. They exchanged multiple emails and involved Human Resources (HR) in their discussions.  After a long meeting in December 2019, Ms. Blase ultimately conceded that Ms. Williams was entitled to commission payments; however, the commission payments were not made.

21.    Around December 2019, Ms. Williams requested her personnel file and commission agreement.  She later made the same request via emails.  Neither Ms. Williams' personnel file nor her commission agreement was produced during her employment.

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

22.    Ms. Blase used Ms. Williams' entitlement to commissions to drive a wedge between her and the sales group, telling them, in a flippant tone, "anything Brandie Williams comes on, if you used her time and talent regarding distributed energy storage, you have to split your commissions with her."  Ms. Williams had always been clear with the team that she was entitled to a commission, but now Ms. Blase was using this to discourage the account executives from working with her.

**D.    Ms. Williams Closed the University of California, San Diego (UCSD) MicroGrid Grant**

23.    Due to Ms. Williams' efforts, on May 5, 2020, the National Science Foundation awarded UCSD and Johnson Controls a $40 million MicroGrid grant.  UCSD selected Johnson Controls from among approximately 20 other contractors.  Johnson Controls sold 11 battery storage units as a part of this contract.

24.    Ms. Williams developed the entire deal concept for the grant.  For nine months, Ms. Williams had worked on the UCSD project.  She also signed the grant application as the company representative.  She worked closely with UCSD and Johnson Controls' personnel to prepare the grant application, engaging in multiple meetings every week to apply for the grant.  After the project was shortlisted as a potential grant recipient, Ms. Williams led meetings with Johnson Controls and UCSD to secure the grant.  Because the company recognized her leadership on the grant process, it initially selected her to present to the Department of Energy.

25.    The UCSD deal formally closed shortly after her termination.  Ms. Williams' commission agreement entitled her to a commission on this deal.  She agreed to split the commission 50-50 with an account executive, Corey Trustee.  However, she has not received her commission payment for this deal.

26.    Before Ms. Williams' termination, the company was well aware that the $40 million UCSD grant was about to be awarded and that Ms. Williams would soon be owed significant commissions.  In December 2019, the company sent representatives to Washington, D.C. to present to the Department of Energy, one of the final steps prior to close.  In January 2020, Ms. Williams gave a presentation in Carlsbad, California to VP of Sales Chuck McGinnis

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

and others about the status of her deals and discussed the UCSD project.  She said that UCSD would make a decision the following month and estimated that the deal was at 90% completion.

27.     On May 5, a few days after Ms. Williams' termination, the Business Director for the Vertical Market called Ms. Williams to tell her that the UCSD Grant and $40 million had been awarded to Johnson Controls.  Despite this, Ms. Williams has not been paid commissions on the UCSD deal.

28.     On October 29, 2020, UCSD announced the grant on their website.

29.     The FY 2020 Plan provides that commissions will be paid for "Construction Events":

| Contract Type | % of Incentive Allocated | Basis of Commission | Payment Timing | Calculation Factors & Incentive Rate |
|---|---|---|---|---|
| | 45% | Secured Gross Margin w/ change orders | paid w/in 45 days of the month the contract booked | Margin % tiers |
| Construction Event | 27.5% | Executed Gross Margin | paid up to 50% of the remaining balance w/ scheduled incentive pay dates | |
| | 27.5% | Executed Gross Margin | remainder paid on the incentive pay date following the month when 100% cash is collected & the project transfers | |

| Margin Tier | Commission Rate |
|---|---|
| <8% | 0.50% |
| 8% - <14% | 1.50% |
| 14% - <10% | 4.00% |
| 18% - <20% | 5.20% |
| 20% - <24% | 5.40% |
| 24% - <30% | 6.50% |
| 30%+ | 8.00% |

30.     The UCSD Grant was a Construction Event that fell within the 30% Margin Tier. Ms. Williams believes that the $40,000,000 deal had a Gross Margin of $12,000,000.  At the commission rate of 8% (split 50% with Mr. Trustee), and applying the large deal credit split, Ms. Williams estimates that Johnson Controls owed her a commission of $380,000.

**E.     Johnson Controls Abruptly Terminated Ms. Williams' Employment to Avoid Paying her Commissions.**

31.     Soon after Ms. Williams' January 2020 presentation in Carlsbad in which she reported that the UCSD grant would be approved in the next couple of months, Johnson Controls terminated Ms. Williams' employment without any notice.  On Sunday April 26, 2020, a teammate called her to ask if she had been laid off because she was no longer in the system.  Her company email access had been cut off and customers began calling her because they received bounce backs from her email address.  She did not know what to tell them.

32.     The next day, on April 27, Maureen Blase told Ms. Williams that she had been fired.  During this termination call, Ms. Blase told her that she would remain eligible for her bonus and would receive her commissions on any deals that closed before the end of the fiscal

1  year on September 30, 2020.  An HR representative eventually called Ms. Williams on April 29

2  at 4:30 p.m. and told her that her job was being eliminated due to a workforce reduction.  On this

3  call, Ms. Williams requested her personnel file again.

4    33.    Johnson Controls did not terminate Ms. Williams' employment for business

5  reasons.  In April 2020, when Mr. McGinnis announced a three-week furlough to the sales team,

6  he assured them that, during the last quarter, Johnson Controls had done four times better than it

7  had anticipated.  Johnson Controls also obtained emergency relief funding from the government.

8  Furthermore, Johnson Controls continued operating during the stay-at-home orders because it

9  provides an essential service.  It also received orders from schools that received stimulus money.

10    34.    Ms. Williams' termination was not due to a workforce reduction.  She was the

11  only person in the Business Technologies & Solutions Division whose employment was

12  terminated.  Her work was and remained critical to the business.  At the time of her termination,

13  Ms. Williams was in the midst of closing several large contracts and was the company's only

14  subject matter expert in battery storage and microgrid sales.

15    35.    On August 28, 2020, Ms. Williams again requested her personnel file through a

16  letter sent to Johnson Controls.  Defendant failed to make the contents of those personnel records

17  available for inspection within 30 days of receipt of that request.

18                    **FIRST CAUSE OF ACTION**

19                      **(Breach of Contract)**

20    36.    Plaintiff re-alleges and incorporates herein by reference each and every allegation

21  of the preceding paragraphs as though fully set forth herein.

22    37.    Plaintiff and Defendant entered into written contracts defining the terms of

23  Plaintiff's compensation, namely the Incentive Plans.  Plaintiff and Defendant entered into an

24  Incentive Plan covering every period of Plaintiff's employment, the effective date of which

25  tracked Defendant's fiscal year from October 1 to September 30 of the following year.

26    38.    Plaintiff completed all conditions necessary to satisfy her obligations under the

27  contracts by continuing to work for Defendant until she was terminated.

28  ///

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

COMPLAINT FOR DAMAGES
CASE NO. _____

1    39.    The Incentive Plans provided that Plaintiff was entitled to commissions for deals

2    that she worked on and closed on behalf of Defendant.

3    40.    Defendant breached these agreements by failing to make these commission

4    payments.

5    41.    Accordingly, Plaintiff is entitled to the unpaid compensation owed under the

6    agreements.

7    **<u>SECOND CAUSE OF ACTION</u>**

8    **(Breach of the Covenant of Good Faith and Fair Dealing)**

9    42.    Plaintiff re-alleges and incorporates herein by reference each and every allegation

10   of the preceding paragraphs as though fully set forth herein.

11   43.    As alleged above, the Incentive Plans entered into between Plaintiff and

12   Defendant provided that Plaintiff would receive commissions for deals that she worked on and

13   closed on behalf of Defendant.

14   44.    These agreements contained an implied-in-law covenant of good faith and fair

15   dealing that neither party would do anything to injure the right of the other party to enjoy the

16   actual benefits of those contracts.

17   45.    Plaintiff performed all of the duties and obligations required of her by Defendant

18   during her employment, including those duties and obligations that would entitle Plaintiff to

19   receive the compensation described in the Incentive Plans.

20   46.    Defendant breached the implied covenant when it took actions to prevent Plaintiff

21   from earning her full compensation pursuant to the agreements, ultimately resulting in firing her.

22   Defendant's termination of Plaintiff was done in bad faith to avoid paying Plaintiff the amounts

23   owed to her.

24   47.    Defendant also breached its contract and the implied covenant of good faith and

25   fair dealing by not paying Plaintiff the full and complete amount Plaintiff properly earned as

26   commissions.

27   ///

28   ///

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

8
COMPLAINT FOR DAMAGES
CASE NO. _____

48.     As a result of Defendant's bad faith and unfair dealing in performing the terms of the Incentive Plans, Defendant is liable for breaching the covenant of good faith and fair dealing inherent in those agreements.

49.     As damages, Defendant is liable to pay the amount of due but unpaid commissions plus interest.  *See* Cal. Civ. Code §3281; *id*. §3287; *id*. § 3289; *id*. §3302.

## THIRD CAUSE OF ACTION

### (Quantum meruit)

50.     Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

51.     Plaintiff provided and performed services in procuring leads and sales for Johnson Controls' business, including closing the Capital Dynamics Safe Harbor Deal in September 2019 and originating, pursuing, and obtaining the UCSD grant and contract for Johnson Controls. These two deals represented $40,500,000 in new business for Johnson Controls.   Defendant knew these services were being performed for it and at its request and agreed to pay Plaintiff the reasonable value of her services, which Defendant determined to be 5.4% of the Gross Margin for deals in the 20% - <24% Margin Tier and 8% of the Gross Margin for deals in the 30% Martin Tier.

52.     Plaintiff agreed to these terms and performed her services, and Defendant accepted the benefit of Plaintiff's services and enjoyed the benefits of sales and accounts procured by Plaintiff.

53.     Defendant has refused to pay Plaintiff in full for her work and services, as valued under the parties' agreement.

54.     Plaintiff therefore alleges in the alternative that, to the extent that the Incentive Plans are found to be inapplicable to deals she procured in the course of her employment with the knowledge of and on behalf of Johnson Controls, Defendant is nevertheless liable under the doctrine of quantum meruit. Under these circumstances, it is inequitable for Defendant to retain the benefit it received from Plaintiff's work without paying fair value for it.

///

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

COMPLAINT FOR DAMAGES
CASE NO. _____

55.     Plaintiff has been damaged in the amount of her unpaid commissions due on the deals Plaintiff procured and from which Defendant received a benefit, in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

**(Failure to Commission Wages in Violation of California Labor Code § 200, *et seq.*)**

56.     Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

57.     At all relevant times, Johnson Controls was the employer of Ms. Williams, who was an employee subject to California's Labor Code.

58.     Plaintiff performed all of the duties and obligations required of her by Defendant during her employment, including those duties and obligations that would entitle Plaintiff to receive the commission wages described in the Incentive Plan.

59.     Defendant has refused to pay Plaintiff these wages.

60.     Defendant's failure to pay Plaintiff violates the California Labor Code.  *See, e.g.,* Lab. Code, § 200; *id.*§204 (wages due in month earned); *id.*§216 (refusal to make payment).

61.     Thus, Defendant is liable to pay the unpaid wages, interest from the date the wages were due and payable, and attorney's fees and costs.  *See id*. §§218.5, 218.6; Civ. Code, §§3302, 3281, 3289(b).

## FIFTH CAUSE OF ACTION

**(Failure to Pay Wages at Time of Termination in Violation of Labor Code § 201, *et seq.*)**

62.     Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

63.     At all relevant times, Johnson Controls was the employer of Ms. Williams, who was an employee subject to California's Labor Code.

64.     Labor Code section 201 requires employers to immediately pay their employees' wages upon termination, and Section 203 imposes a penalty upon employers who fail to do so.

65.     At the time of Plaintiff's termination, Defendant knowingly and willfully failed to pay her all wages earned, as alleged herein and above.

RUDY EXELROD ZIEFF & LOWE LLP

351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

66.     Defendant knew that it owed Plaintiff unpaid wages, in the form of unpaid commissions, at the time of her termination.  Yet, it failed to pay the amounts due for more than thirty days and continues to fail to pay the amounts due.  Such failure amounts to "willful" nonpayment of wages due.  Accordingly, Plaintiff is entitled to the maximum penalty equivalent to thirty days pay, plus attorney's fees and costs.

## SIXTH CAUSE OF ACTION

### (Retaliation in Violation of Labor Code §§ 98.6 and 1102.5)

67.     Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

68.     California Labor Code section 98.6 prohibits retaliation against an employee for complaining to her employer about Labor Code violations, including because the employee "made a written or oral complaint that he or she is owed unpaid wages."  Labor Code section 1102.5 prohibits retaliation against an employee for disclosing information to a person with authority over the employee or who has authority to investigate, discover, or correct the issue, where the employee has reasonable cause to believe that the information discloses a violation of a state or federal statute, or a violation or noncompliance with a local, state, or federal law or regulation.

69.     Plaintiff engaged in protected activity under the California Labor Code when she asked to be paid her commissions owed to her for the Capital Dynamics Safe Harbor deal.

70.     Shortly after Plaintiff's protected activity and in response thereto, and to avoid paying her the full commissions due and owing, Defendant terminated Plaintiff's employment and refused to pay her full commissions.

71.     As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered substantial losses in earnings and other employment benefits and has incurred other economic losses in an amount to be proven at trial.

72.     As a further direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment, all to the Plaintiff's damage in an amount to be proven at the time of trial.

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

73. By reason of such violation, Plaintiff is entitled to damages, attorney's fees, and interest, as provided by Labor Code 1102.5.

74. Defendant committed the acts herein described despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff.  Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

**SEVENTH CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy)**

75. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

76. It is the public policy of California to prohibit employers from discharging employees to avoid paying commissions and wages to the discharged employee. California also has a public policy against discharging employees for complaining about the employer's failure to pay commissions and wages to employees. This public policy is embodied in, inter alia, the California Labor Code §§ 200, 201, 202, 203, 216, 223 and other sections, California Code of Civil Procedure § 487.020, California Business and Professions Code and the California Code of Regulations. These public policies are fundamental and inure to the benefit of the public.

77. It is, and at all times relevant to this action has been, the law and fundamental public policy of the state of California that an employer may not terminate an employee to avoid paying compensation to that employee.  *See, Gould v. Maryland Sound Industries, Inc*., (1995) 31 Cal.App.4th 1137, 1148; *see also Phillips v. Gemini Moving Specialists* (1998) 63 Cal.App.4th 563, 571, *overruled on other grounds by Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876.

78. Plaintiff's termination was wrongful and was in violation of the public policy of the State of California in that Defendant terminated Plaintiff's employment to avoid paying her the commissions owed and to retaliate against Plaintiff for her complaining about Defendant's failure to pay her commissions.  Additionally, the timing of Plaintiff's termination was

COMPLAINT FOR DAMAGES
CASE NO. _____

1  specifically designed so that the company could avoid paying her the significant commissions she

2  was positioned to earn in the weeks and months subsequent to her firing for her work on the

3  UCSD Microgrid Grant.

4    79. As a direct, foreseeable and proximate result of Defendant's unlawful actions,

5  Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment

6  benefits and has incurred other economic losses in an amount to be proven at trial along with

7  attorney's fees and litigation costs.

8    80. As a direct, foreseeable, and proximate result of Defendant's unlawful actions,

9  Plaintiff has suffered substantial losses in earnings and other employment benefits, and have

10  incurred other economic losses.

11    81. Defendant committed the acts herein despicably, maliciously, fraudulently, and

12  oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive

13  amounting to malice, and in conscious disregard of the rights and safety of Plaintiff.  Plaintiff is

14  thus entitled to recover punitive damages from Defendant in an amount according to proof.

15  **EIGHTH CAUSE OF ACTION**

16  **(Failure to Provide Personnel File, Violation of Labor Code § 1198.5)**

17    82. Plaintiff re-alleges and incorporates herein by reference each and every allegation

18  of the preceding paragraphs as though fully set forth herein.

19    83. Labor Code section 1198.5 requires that personnel documents be made available

20  within a "reasonable" amount of time, "but not later than 30 calendar days from the date the

21  employer receives a written request."  (Lab. Code, § 1198.5(b)(1).)  An employer's failure to

22  comply within this timeframe entitles the employee to recover a seven hundred fifty-dollar

23  ($750.00) penalty.

24    84. Plaintiff requested her personnel file multiple times from Defendant.  But

25  Defendant failed to provide her personnel file within 30 days of her request.

26    85. Therefore, Defendant has violated Labor Code section 1198.5 and is liable for a

27  penalty of seven hundred fifty-dollar ($750.00).

28  ///

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.      For compensatory damages, including but not limited to, lost back pay (including, but not limited to, salary, commission, and bonus wages), equity, and fringe benefits; future lost earnings, and emotional distress; with legal interest, according to proof as allowed by law;

2.      For civil penalties as allowed by law;

3.      For punitive damages as allowed by law;

4.      For an award of costs of suit incurred herein and reasonable attorney's fees;

5.      For prejudgment interest and post-judgment interest as allowed by law;

6.      For restitution of all wrongfully withheld salary, equity, and other compensation;

7.      For relief pursuant to the equitable doctrine of quantum meruit, and damages, including interest, according to proof; and

8.      For an award of such other and further relief as the Court deems just and proper.

DATED:  November 8, 2021                    Respectfully submitted,

RUDY, EXELROD, ZIEFF & LOWE, LLP

By: _____
        MICHELLE G. LEE
        MEGHAN F. LOISEL
        *Attorneys for Plaintiff*
        *Brandie Williams*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests trial by jury.

DATED:  November 8, 2021                    Respectfully submitted,

RUDY, EXELROD, ZIEFF & LOWE, LLP

By: _____
        MICHELLE G. LEE
        MEGHAN F. LOISEL
        *Attorneys for Plaintiff*
        *Brandie Williams*

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

14

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF PLACER

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Placer (Placer County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution. This packet is provided in compliance with California Rules of Court, Rule 3.221.

**What is Alternative Dispute Resolution?**
Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration       • Mediation       • Settlement Conferences       • Private judging
- Neutral evaluation       • Mini-trials       • Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Placer County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**
ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can often be resolved through ADR in a matter of months or weeks, while a lawsuit can often take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses primarily on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situations and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit.

Form Adopted for Mandatory Use
Superior Court of California, County of Placer
Form No. PL-CV007
Effective 10-26-2018

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**

www.placer.courts.ca.gov
Page 1 of 2

**Arbitration and Mediation**

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California state courts are Arbitration and Mediation.

***Arbitration***

An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.

The plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. If a judge orders a case to arbitration, the court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties. Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules, Chapter 20.1.9. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

***Mediation***

Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps the parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Parties to a civil action may agree to privately mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount set by the Mediator.

**Notice Requirements**

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this ADR Information Sheet from the Court Website, http://www.placer.courts.ca.gov/, or the Superior Court Clerk. **Plaintiff is required to include the ADR Information Sheet when he or she serves the Complaint on the Defendant.**

**Parties must indicate the types of ADR process(es) the parties are willing to or have participated in on the *Case Management Statement* (Form CM-110) prior to the Case Management Conference.**

**Additional Information**

For more information on the specific ADR programs of the Placer Superior Court, please review the Local Rules of the Placer County Superior Court, available at all court locations and on-line at www.placer.courts.ca.gov.

Form Adopted for Mandatory Use
Superior Court of California, County of Placer
Form No. PL-CV007
Effective 10-26-2018

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**

www.placer.courts.ca.gov
Page 2 of 2

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>— Michelle G. Lee (SBN 266167) and Meghan F. Loisel (SBN 291400)<br>Rudy, Exelrod, Zieff & Lowe, LLP<br>351 California Street, Suite 700<br>San Francisco, CA 94104<br>TELEPHONE NO.: 415.434.9800    FAX NO.: 415.434.0513<br>ATTORNEY FOR (Name): Brandie Williams | FOR COURT USE ONLY<br><br>ELECTRONICALLY FILED<br>Superior Court of California,<br>County of Placer<br>11/08/2021 at 09:27:08 AM<br>By: Mavis Anderson, Deputy Clerk |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Placer |
| STREET ADDRESS: 10820 Justice Center Drive |
| MAILING ADDRESS: 10820 Justice Center Drive |
| CITY AND ZIP CODE: Roseville, 95678 |
| BRANCH NAME: Hon. Howard G. Gibson Courthouse |

| |
|---|
| CASE NAME:<br>Brandie Williams v. Johnson Controls, Inc. |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: S-CV-0047572 |
|---|---|---|---|
| [✓] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): Eight (8)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 8, 2021

Michelle G. Lee
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
   or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

# Superior Court of the State of California
## In and For The County of Placer

**CASE NO:  S-CV-0047572**

## A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:

DATE:   **March 7, 2022**
TIME: ☒**2:00 P.M. If your case number starts with "S-CV"**
      ☐**2:30 P.M. If your case number starts with "S-CV" and is deemed Complex**
      ☐**3:00 P.M. If your case number starts with "M-CV"**
DEPT:  **40 - 10820 Justice Center Drive, Roseville, California**

## IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:

The judge does **not** decide whether you win or lose your case at this court date.  If you do not file an "Answer," or other "responsive pleading," you will automatically lose this case, usually before this court date.  The Answer or responsive pleading must be given to the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees.

You can get free help filling out your Answer or responsive pleading at the court's Legal Help Center.  For more information or to schedule an appointment, go to the court's website at www.placer.courts.ca.gov and select "Legal Help Center."

## INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:

15 calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110).

You do not need to come to court for the first Case Management Conference.  You can see the court's proposed orders 12 calendar days before the Case Management Conference on the court's website, www.placer.courts.ca.gov. Select "Tentative Rulings and Calendar Notes," then "Civil Case Management Conference."  If you do not have Internet access, call the court at 916-408-6000 to get the information.

**The court does not provide a court reporter** at Case Management Conferences or Law & Motion hearings.  If you want the proceedings reported, you must provide your own court reporter at your own expense.

IF YOU WANT TO APPEAR BY TELEPHONE, you must schedule your telephonic appearance through the court's website, www.placer.courts.ca.gov. Select "Telephonic Appearance System." For more information on the telephonic appearance system, please visit our "How to" guide on the website. YOU MUST PAY ONLINE TO USE THIS SERVICE UNLESS YOU HAVE BEEN GRANTED A FEE WAIVER BY THE COURT.

EXHIBIT C

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:          STATE BAR NO:<br>NAME: **Michelle G. Lee (SBN 266167) and Meghan F. Loisel (SBN 291400)**<br>FIRM NAME: **Rudy, Exelrod, Zieff & Lowe, LLP**<br>STREET ADDRESS: **351 California Street, Suite 700**<br>CITY: **San Francisco**          STATE: **CA**    ZIP CODE: **94104**<br>TELEPHONE NO.: **415-434-9800**          FAX NO.: **415-434-0513**<br>E-MAIL ADDRESS: **mgl@rezlaw.com; mfl@rezlaw.com**<br>ATTORNEY FOR (Name): **Brandie Williams** | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** PLACER<br>STREET ADDRESS: **10820 Justice Center Drive**<br>MAILING ADDRESS: **10820 Justice Center Drive**<br>CITY AND ZIP CODE: **Roseville, CA 95678**<br>BRANCH NAME: **Hon. Howard G. Gibson Courthouse** |

| |
|---|
| Plaintiff/Petitioner:  Brandie Williams<br>Defendant/Respondent:  Johnson Controls, Inc., et al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>S-CV-0047572 |

TO *(insert name of party being served):* Johnson Controls, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:  November 15, 2021 (via email)

_____          ▶ _____
Michelle G. Lee                                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)
(TYPE OR PRINT NAME)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*

   Civil Case Cover Sheet; Notice of Case Management Conference; Alternative Dispute Resolution Information Sheet

*(To be completed by recipient):*

Date this form is signed:   December 3, 2021

James T. Conley                                              ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]   **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**   Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov

# EXHIBIT D

1
James T. Conley, SBN 224174
james.conley@ogletree.com
2
April A. Perkins, SBN 322166
april.perkins@ogletree.com
3
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
5
Telephone:    916-840-3150
Facsimile:    916-840-3159
6

7
Attorneys for Defendant
JOHNSON CONTROLS, INC.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
**12/14/2021 at 09:26:50 AM**
ʏ: Marina C Olivarez Fuentes, Deputy Cle

8
## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9
### FOR THE COUNTY OF PLACER

10

11
BRANDIE WILLIAMS,

12
            Plaintiff,

13
      vs.

14
JOHNSON CONTROLS, INC., and DOES 1
through 20, inclusive,

15

            Defendant.

16

17

18

Case No. S-CV-0047572

**DEFENDANT JOHNSON CONTROLS,
INC.'S ANSWER TO PLAINTIFF
BRANDIE WILLIAM'S COMPLAINT**

Action Filed:        November 8, 2021
Removal Filed:    December __, 2021
Trial Date:          None Set

19
Defendant JOHNSON CONTROLS, INC. ("Defendant") hereby answers the Complaint

20
("Complaint") filed by Plaintiff BRANDIE WILLIAMS ("Plaintiff"):

21
**GENERAL AND SPECIFIC DENIALS**

22
Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

23
Defendant denies, generally and specifically, each and every allegation contained in the Complaint,

24
and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in

25
any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act

26
or omission by any agent or employee of Defendant.  Defendant further denies, generally and

27
specifically, that Plaintiff is entitled to any relief whatsoever.

28
///

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

## THIRD AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

## FOURTH AFFIRMATIVE DEFENSE

### (Appropriate Remedial Action Taken by Employer)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendant was made aware of Plaintiff's Complaints.

## FIFTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

To the extent that the contract of employment alleged in the Complaint exists, it had no specified term and could, therefore, be terminated at will by either employer or employee, pursuant to Labor Code section 2922.

## SIXTH AFFIRMATIVE DEFENSE

### (Bilateral Mistake)

If any agreement exists, it is not enforceable as it was entered into it through unilateral or bilateral mistake and it is therefore void or voidable.

///

1  **SEVENTH AFFIRMATIVE DEFENSE**

2  **(Business Necessity)**

3  Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

4  **EIGHTH AFFIRMATIVE DEFENSE**

5  **(Employer Lacked Knowledge)**

6  The Complaint, and each and every cause of action alleged therein, is barred, or any damages

7  reduced because Defendant lacked knowledge that Plaintiff was allegedly retaliated against.

8  **NINTH AFFIRMATIVE DEFENSE**

9  **(Estoppel)**

10  The Complaint, and each and every cause of action alleged therein, is barred by the doctrine

11  of estoppel.

12  **TENTH AFFIRMATIVE DEFENSE**

13  **(Excessive Fines)**

14  The Complaint, and each and every cause of action alleged therein, is barred in that any award

15  of restitution would violate the Excessive Fines and Due Process Clauses of the United States and

16  California Constitutions.

17  **ELEVENTH AFFIRMATIVE DEFENSE**

18  **(Failure to Mitigate Damages)**

19  Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce

20  Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars

21  or reduces any claims, losses, or damages.

22  **TWELFTH AFFIRMATIVE DEFENSE**

23  **(Fraud)**

24  The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's

25  own fraudulent conduct.

26  ///

27  ///

28  ///

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (Good Faith but Mistaken Belief)

3      The Complaint, and each and every cause of action alleged therein, is barred as Defendant's

4   alleged actions were justified by its good faith but mistaken belief.

5

## FOURTEENTH AFFIRMATIVE DEFENSE

6

### (Laches)

7      The Complaint, and each and every cause of action alleged therein, is barred by the doctrine

8   of laches.

9

## FIFTEENTH AFFIRMATIVE DEFENSE

10

### (Modification)

11      The Complaint, and each and every cause of action alleged therein, is barred as there was a

12   modification of the alleged contract.

13

## SIXTEENTH AFFIRMATIVE DEFENSE

14

### (No Authorization or Ratification)

15      Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or

16   employees were outside the course and scope of their authority and such acts, if any, were not

17   authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of

18   such acts.

19

## SEVENTEENTH AFFIRMATIVE DEFENSE

20

### (No Penalty)

21      The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff

22   is not entitled to any penalty, including but not limited to, penalties awarded under California Labor

23   Code sections 210, 226.3, 226.7, 558, and 1174.5. and IWC Order No. 12-2000, because, at all

24   relevant times, Defendant did not willfully fail to comply with the compensation provisions of

25   California law, but rather acted in good faith and had reasonable grounds for believing that it did not

26   violate those provisions.

27   ///

28   ///

---

4

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages Against Corporate Defendant)**

Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Waiting Time Penalties)**

The Complaint, and each and every cause of action alleged therein, fails to state a claim for waiting time penalties under Labor Code section 203.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Not a Substantial Motivating Reason)**

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Novation)**

The Complaint, and each and every cause of action alleged therein, is barred as there was a novation to the alleged contract.

///

///

///

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Statute of Frauds)

The Complaint, and each and every cause of action alleged therein, is barred because it violates the statute of frauds.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Breach)

Even assuming the existence of a contract, which Defendant denies, Defendant did not in any way materially breach the terms of such contract.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Meeting of the Minds)

There was no meeting of the minds with respect to the terms of the alleged contract.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Consideration and/or Mutual Obligation)

Plaintiff's contractual claims are barred by the absence of consideration and/or lack of mutual obligation.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Undue Influence)

The Complaint, and each and every cause of action alleged therein, is barred as Plaintiff exercised undue influence in the formation of the agreement.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Unformalized Agreement)

If any agreement exists, it is not enforceable as it was never formalized.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Unilateral Mistake)

If any agreement exists, it was entered into through unilateral or bilateral mistake and it is therefore void or voidable.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Workers' Compensation)

The Complaint, and each and every cause of action alleged therein, is preempted by the Workers' Compensation Act.

### (Additional Defenses)

Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff takes nothing by way of the Complaint;

2. That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3. That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

4. That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED:  December 14, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
James T. Conley
April A. Perkins

Attorneys for Defendant
JOHNSON CONTROLS, INC.

8
Defendant's Answer to Plaintiff's Complaint

49588363.v1-OGLETREE

**PROOF OF SERVICE**

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Sacramento in the office of a member of the bar of this court at whose direction the service was made.  My business address is 500 Capitol Mall, Suite 2500, Sacramento, CA 95814. My email address is:  noreen.witt@ogletree.com

On December 14, 2021, I served the following document(s):

**DEFENDANT JOHNSON CONTROLS, INC.'S ANSWER**
**TO PLAINTIFF BRANDIE WILLIAM'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the following party(ies):

Michelle G. Lee                                    *Attorneys for Plaintiff*
Meghan F. Loisel                                   BRANDIE WILLIAMS
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Tel: (415) 434-9800
Fax: (415) 434-0513
Email: mgl@rezlaw.com
            mfl@rezlaw.com

☒      **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐      **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at 500 Capitol Mall, Suite 2500, Sacramento, CA 95814.

☐      **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Sacramento, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐      **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐      the written confirmation of counsel in this action:

☐      [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

PROOF OF SERVICE

☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 14, 2021, at Sacramento, California.

*Noreen F. Witt*
_____
NOREEN F. WITT

49363187.1